*Decision will be entered under Rule 50.*

FIFTH AVENUE UNIFORM COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 41297.   Promulgated May 17, 1933.

*Ferdinand Tannenbaum, Esq.*, for the petitioner.
*Prew Savoy, Esq.*, for the respondent.

122

OPINION.

MARQUETTE: As extended by waivers, the period fixed by the statute of limitations for taxing petitioner's income for the years here involved expired about a year and one half before the date of the deficiency notice here appealed from. Respondent contends that the limitation statute is inoperative. His position is that prior to his deficiency letter of September 19, 1928, there had been only a tentative deduction for amortization allowance for the fiscal year 1918, within the meaning of section 278 (b) of the Revenue Act of 1926, reading as follows:

* * * Any deficiency attributable to a change in deduction tentatively allowed under paragraph (9) of subdivision (a) of section 214, or paragraph (8) of subdivision (a) of section 234, of the Revenue Act of 1918 or the Revenue Act of 1921, may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time.

The sections of the Revenue Acts of 1918 and 1921 referred to deal with deductions for the amortization of war facilities.

A "tentative deduction" is one which is allowed provisionally, experimentally. It lacks finality, and is to be replaced later by a permanent allowance.

In this proceeding, the first mention of allowance for amortization is contained in respondent's letter of August 4, 1923. For several years thereafter the deficiency proposed in that letter and computed upon the amortization allowance of that date was the subject of numerous communications between petitioner and respondent. In none of them does it appear that any permanent, final deduction for amortization allowance was made.

In 1926 petitioner appealed from a determination of deficiency for the fiscal year 1919. That appeal was based upon the ground that the allocation of the allowance for amortization entirely to the fiscal year 1918, the one now before us, was incorrect because a part of the allowance should have been allocated to the taxable year 1919. The outcome of that appeal was favorable to petitioner. It was based upon a reallocation of the amortization allowance, and was stipulated by the parties. As a result, the amortization deduction for petitioner's fiscal year 1918 was reduced by more than 50 percent of the amount originally allowed by the respondent. The present deficiency is computed upon the basis of such reduced amortization.

Petitioner does not dispute the accuracy of respondent's computation, nor that the deficiency asserted is unjust or excessive, but insists that the statute above cited does not apply here, and relies upon *Ohio Falls Dye & Finishing Works*, 16 B.T.A. 1038; affd., 50 Fed. (2d) 660, and upon *Norton* v. *Commissioner*, 50 Fed. (2d) 664. In each of those cases the taxpayer acquiesced in the net income determination, based upon an amortization allowance, for special assessment purposes. It was held that after such acquiescence the allowance could no longer be considered tentative. But in the present case petitioner never acquiesced in the tentative amortization allowance.

In *W. G. Duncan Coal Co.*, 13 B.T.A. 672, also cited by petitioner, the taxpayer had claimed amortization allowance in its return. In the 30-day letter it was stated that the amortization claimed was disallowed, subject to review by the Department, and we held that such disallowance was not a tentative allowance under the statute above cited. We do not consider that decision controlling. The statute removes the bar of limitation with respect to tentative allowances only. Obviously, if an amortization deduction is disallowed it cannot be said to have been allowed at the same time

and by the same determination. But that is not our present case by any means.

In this proceeding a deduction for amortization was tentatively allowed, and upon that basis a deficiency was proposed for the fiscal year 1918. Thereafter for several years the parties were in dispute over the whole matter. While that dispute was going on the petitioner appealed from a deficiency determination for the fiscal year 1919. The sole issue raised in that appeal was whether the amortization allowance for the fiscal year 1918 was correct, petitioner insisting that it was too great and that a part of it should be allocated to the fiscal year 1919. Up to that time, and until the appeal was determined, there was no agreement between the parties respecting the amortization allowance for the fiscal year 1918.

Petitioner lays stress upon the fact that it never appealed from respondent's earlier determination of deficiency for the fiscal year 1918. Technically, the statement is true. Actually, it is incorrect, for the appeal respecting the year 1919 necessarily involved the year 1918 in respect of amortization allowances, and upon those allowances petitioner's tax liability in large part depended. Thus the tax liability for the fiscal year 1918 was in effect brought into question just as certainly as it would have been under a separate appeal. The appeal respecting the year 1919 challenged respondent's amortization allowances for the fiscal year 1918, and effectually kept alive the controversy respecting that year.

In the light of the entire record it cannot justly be said that respondent's deduction for amortization allowance was other than tentative, prior to his letter of September 10, 1928. By protests and waivers, and by its appeal respecting its 1919 taxable year, petitioner kept open and alive the question of amortization deduction for the fiscal year 1918. As a result of petitioner's own acts the amortization deduction allocable to the year before us was finally settled. Petitioner benefited by that determination with respect to one year, but now seeks to escape the resultant effect upon its tax for the other year involved in the determination.

The situation here is not unlike that in *Naumkeag Steam Cotton Co.* v. *United States* (Ct. Cls.), 2 Fed. Supp. 126. In that case the taxpayer was deficient in tax for the years 1917 and 1918, but had overpaid its tax for the years 1919, 1920 and 1921. The taxpayer filed a claim for credit, requesting that the overpayments be applied against the deficiencies for the earlier years. By this means the Commissioner was induced to refrain from collecting the deficiency when he might have done so. He made thorough investigation of the claim for credit before acting upon it. After expiration of the

period of limitations for collecting the deficiencies the taxpayer brought suit to recover the amount of its overpayment, which meanwhile had been credited against the deficiencies. The court held the taxpayer bound by the doctrine of equitable estoppel and denied the recovery sought. That doctrine is equally applicable here. We see no essential difference between the case cited and the present proceeding. In each the taxpayer sought and obtained an advantage in respect of one taxable year or group of years, meanwhile keeping open the matter in respect of an earlier taxable year or group of years. In each the taxpayer did not dispute the justness nor the amount of the deficiency asserted, but, once having obtained the desired benefit, endeavored to turn that benefit and the means of its accomplishment into a vehicle of escape from proper taxation.

We think the respondent's contention should be sustained.

*Decision will be entered for the respondent.*